

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin. TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

)1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 3, 1984

Mr. Ed Grisham
Chairman
Texas Employment Commission
T.E.C. Building
15th and Congress, Suite 624
Austin, Texas 78778

Opinion No. JM-204

Re: Whether temporary and part-time employees of the Texas Employment Commission accrue vacation, sick leave and holiday time

Dear Mr. Grisham:

You have asked the following questions regarding "certain temporary and part-time employees" of the Texas Employment Commission:

1. Are temporary or part-time employees of the Texas Employment Commission whose wages and salaries are indirectly paid with federal monies entitled to accrue vacation, sick leave, or holiday time credit as other state employees?

2. If so, are such employees who transfer employment from the Texas Employment Commission to another state agency entitled to transfer their accumulated vacation and sick leave time credit?

3. If so, are Texas Employment Commission employees who resign, are dismissed, or who are separated, entitled to be paid for all vacation time duly accrued at the time of separation from state employment, provided the employee has had continuous employment with the state for six months?

4. If so, and if such employees, under established administrative construction, were denied pay for work time lost due to illness, should those employees be reimbursed for those days they were sick and unable to work in an amount not to exceed their duly accrued sick leave at the time they missed work due to illness?

5. If so, are such employees who have become separated from the Texas Employment Commission

entitled to be reimbursed for days they did not work that were official state holidays?

6. If so, are such employees who have become separated from the Texas Employment Commission and worked on official state holidays entitled to any form of compensation for such labor?

7. If so, how far back in time should such payments be made, and which statute of limitations, if any, applies?

In order to facilitate our analysis of your questions, you point out several factors regarding the subject employees which you suggest might be helpful in determining the propriety of the current administrative construction about the non-availability of certain benefits to such employees. You note that "[t]here is no mutual commitment for continuation of the employment relationship." The job descriptions for such employees limit them to working not "more than 1,200 hours in any calendar year." Their "[c]ompensation is on an hourly basis" and they are "intended for temporary and intermittent duty. . . ." You further advise that it has been the administrative practice of the Texas Employment Commission [hereinafter TEC] to deny to all such hourly, temporary and part-time employees all of the specified benefits, i.e., vacation, sick, and holiday leave time. Consequently, such employees were not allowed to take vacation with pay nor, when such employees were separated from employment at the TEC after six months continuous state employment, were they paid for accrued vacation leave. Likewise, they were allowed neither time off with pay when they missed work due to illness nor any paid holidays. Similarly, they were not given compensatory time off for time worked on any holidays.

With regard to your first question, it has been suggested, in support of the existing administrative construction by your agency, that the TEC's "unique relationship" with the United States Department of Labor, from which it receives virtually all of its funding, somehow exempts TEC's hourly temporary and part-time employees from the various state statutory provisions concerning employee benefits. However, in addition to the fact that it has apparently never been suggested that this theory applies to TEC's monthly, non-temporary and full-time employees, this office ruled unequivocally and without exception almost forty years ago that "the Texas Employment Commission is a state agency and its employees are State employees." Attorney General Opinion V-427 (1947). Twenty years later this conclusion was reaffirmed in Attorney General Opinion M-125 (1967), which also held, citing Attorney General Opinion C-530 (1965), that "[i]nasmuch as these federal funds [received by TEC] are deposited in the State Treasury, they are state funds." Indeed, the Secretary of Labor is expressly prohibited from exercising any authority with respect to the compensation of employees of state employment security agencies. 42

U.S.C. §503(a)(1).  Hence, in answer to your first question, it is clear beyond cavil that TEC's hourly, temporary and part-time employees are entitled to receive vacation, sick, and holiday leave on the same basis as other similarly situated state employees.

Because the next five of your remaining six questions are predicated on the affirmative answer we have given to your initial question, we can now turn to an examination of the relevent statutory provisions which affect the availability to state employees generally of the benefits at issue and to a determination of whether and to what extent temporary and part-time employees are entitled to such benefits.  The state statutory provisions affecting the wide range of rights, privileges, benefits, and obligations of state employees are multifarious and scattered.  Not only do we have no need to catalogue these statutes here, but, in addition, most of the applicable statutory provisions regarding the benefits in question are contained within  the riders in article V, the general provisions article, of the current General Appropriations Act.  Acts 1983, 68th Leg., ch. 1095, at 6171.  Those riders provide in pertinent part as follows:

Sec. 1 PROVISIONS RELATING TO THE POSITION CLASSIFICATION PLAN.

. . . . .

n.  PART-TIME  EMPLOYEES.  Regular  full-time positions paid out of funds appropriated may also be filled by part-time employees except for line item exempt salaries not designated as part-time. In computing the salaries of these employees, the rates of pay shall be proportional to the rates authorized for full-time classified employment. It is further provided that part-time employees as described in this subsection shall be subject to all of the provisions of this section.

o.  HOURLY EMPLOYEES.  It is the intent of the Legislature that hourly employees shall receive per hour rate increases proportionate to those provided in this Act for full-time salaried classified employees.

. . . .

Sec. 2 METHOD OF SALARY PAYMENTS.

. . . .

f.  OVERTIME.  When  a  regular,  full-time employee is required to work hours in excess of the  standard  work  week  established  for  the

position in accordance with applicable statutes, the employee shall be entitled to compensation for such overtime either: (1) by receiving equivalent time off during the twelve-month period following the date on which the overtime was accrued; or (2) at the discretion of the employing institution or agency, in cases where granting compensatory time off is impracticable, by receiving pay at a rate equivalent to one and one-half times the regular rate of pay. . . .

Sec. 7   EMPLOYEE WORKING HOURS AND HOLIDAYS.

. . . .

c. Holidays :'or state employees . . . including hourly wage workers for each year covered by this Ac: shall be those specified in Article 4591, Vernon's Civil Statutes, as amended.

For institutions and agencies of higher education, a regular employee is defined as one who is employed to work at least 20 hours per week for a period of at least four and one-half months. . . .   Only regular employees of institutions of higher education shall be eligible for paid holidays.

Each state agency and institution and agencies of higher education will . . . have on hand enough personnel to carry on the activities of each institution or agency so that the public business can be carried on. . . .   Those employees who are working during that holiday period will be allowed compensatory time off at a later time. . . .   The following holidays will not be included in this section, for they are holidays that follow traditional national celebrated holidays:

. . . .

Agencies who have work schedules other than . . . [the normal office hours of 8:00 a.m. to 5:00 p.m.] will insure that employees working these schedules observe the equivalent number of holidays each year as employees working normal office hours.

. . . .

Sec. 8. EMPLOYEES VACATIONS AND LEAVES. a. Other than faculty with appointments of less than twelve months at institutions of higher education, <u>employees of the state shall, without deduction in salary be entitled to a vacation in each fiscal year.</u> Such entitlement shall be earned in accordance with the following schedule:

. . . .

An employee will earn vacation entitlement beginning on the first day of employment with the state and terminating on the last day of duty. . . . Credit for one month's accrual will be given for each month or fraction of a month of employment with the state and will be posted to each employee's leave record on the first day of employment with the state and on the first of each succeeding month of employment thereafter. Vacation with pay may not be granted until the employee has had continuous employment with the state for six (6) months, although credit will be accrued during that period.

. . . .

A state employee who resigns, is dismissed, or separated from state employment shall be entitled to be paid for all vacation time duly accrued at the time of separation from state employment, provided the employee has had continuous employment with the state for six (6) months.

. . . .

c. <u>Employees of the state shall, without deduction in salary, be entitled to sick leave subject to the following conditions:</u>

An employee will earn sick leave entitlement beginning on the first day of employment with the state and terminating on the last day of duty.

Sick leave entitlement shall be earned at the rate of eight (8) hours for each month or fraction of a month employment, and shall accumulate with the unused amount of such leave carried forward each month. . . .

. . . .

     d. . . . .

     For institutions and agencies of higher education, a regular employee is defined as one who is employed to work at least 20 hours per week for a period of at least four and one-half months, excluding students employed in positions which require student status as a condition for employment. Only regular employees of institutions and agencies of higher education shall be eligible for paid vacation and leave as provided herein.

     . . . .

     f. A state employee who transfers directly from one State agency to another, shall be given credit by the receiving agency for the unused balance of this accumulated vacation and sick leave, provided that his employment with the State is uninterrupted.

     . . . .

     i. The administrative head or heads of each agency of the state shall require a record to be kept of the vacation and sick leave accrual and absences of each employee, and the reasons therefor whether from sickness, vacation, or leave of absence without pay. Such records shall be available for public inspection.

     j. The State Auditor shall provide a uniform interpretation of the provisions herein contained on employee vacations and leaves, and shall report to the governor and the Legislature any exceptions practiced by the various entities of the state government. . . . (Emphasis added). 

Considered as a whole, these riders, especially the language emphasized, not only do not evidence any intent to treat hourly, temporary or part-time employees disparately, but rather they make it abundantly clear that such employees are generally entitled to the same sort of benefits provided for all other employees.

     You have referred us to Attorney General Opinion H-684 (1975) which held that "[t]emporary and part-time state employees accrue sick leave, but part-time employees accrue such leave on a proportionate basis." See Acts 1983, supra, §§1.n., o. (All further section numbers cited will be Acts 1983, supra, unless otherwise indicated.) That opinion also reaffirmed the vitality of the conclusion of

Attorney General Opinion M-1014 (1971) which held that "hourly and part-time employees are entitled to the same holidays, with pay, as those received by employees on a regular monthly basis." See §7.c. Likewise, M-1014 also found that the granting of vacation time on a percentage basis for the time worked was consistent with the provisions of the general appropriations act and further that regular full-time hourly employees were entitled to the same benefits as those granted to regular full-time monthly employees. We find no reason to depart from the holdings of these two opinions. The general applicability of all the holiday, vacation and sick leave provisions of article V of the current appropriations act to part-time and hourly, temporary state employees is further confirmed by the limitation of such benefits at "institutions and agencies of higher education" to "regular" employees, who are defined as ones working "at least 20 hours per week for a period of at least four and one-half months." Secs. 7.c., 8.d. Similarly, the exclusion of faculty with less than twelve-month appointments from the vacation provisions of section 8.a. compels the inference that, in general, other state employees are entitled to the benefits of those provisions. Finally, the narrow exception given to the comptroller to determine "leave policies" for his hourly workers argues for the same conclusion.

Moreover, the holding of Attorney General Opinion M-1252 (1972) that "payment for all duly accrued vacation time is payment for services rendered . . . [and] such payment constitutes salaries within the meaning of Article 6813b" indicates that all the subject benefits set out in the provisions of sections 1, 2, 7, and 8 of article V of the General Appropriations Act discussed above are referrable to article 6813b, V.T.C.S., which provides that "all salaries of all . . . State employees . . . shall be . . . as may be provided for by the Legislature in the biennial Appropriations Act. . . ." wherein there is contained nothing limiting the definition of state employees to full-time or non-temporary, monthly employees. This is in contrast, for example, to article 6252-8a, V.T.C.S., which provides payment for accumulated vacation and sick leave to estates of deceased state employees only if the subject decedent was "employed on a basis or in a position normally requiring not less than 900 hours per year. . . ." Thus, since we conclude both that the TEC's employees are state employees and that state employees generally, part-time as well as full-time, temporary as well as otherwise, and hourly as well as monthly, are entitled to all the benefits of holiday, vacation, and sick leave, we can now readily answer your next five questions.

Section 8.f. of the current appropriations act provides a clear affirmative answer to your second question. The sixth paragraph of section 8.a. provides a comparable affirmative answer to your third question. See also V.T.C.S. art. 6252-8b, §1. Similarly, section 8.c., whose substantially identical predecessor provisions were applied to temporary and part-time employees by Attorney General Opinion H-684 (1975), requires that such employees be provided appropriate sick leave benefits. With regard to your fifth question,

all hourly, temporary and part-time employees are entitled under section 7.c. and the holding of Attorney General Opinion M-1014 to the same paid holidays as all other employees. Likewise, in answer to your sixth question, under the third paragraph of section 7.c., hourly, temporary and part-time state employees, like all others, are entitled to compensatory time off for time worked on holidays other than the "traditional national celebrated holidays" listed in section 7.c.   In the case of employees who have already left their employment at TEC, compensatory time off is obviously not available.   See Attorney General Opinion H-883 (1976).   However, we believe that the equitable treatment by H-883 of the then existing limitation of compensatory time off to the same month (pay period) in which it was accrued suggests a solution.  Hence, at least for the limited purpose of the present opinion request, we read section 2.f as being in pari materia with section 7.c.   Therefore, we conclude that, having denied earned holiday compensatory time to any of the employees in question, TEC effectively exercised its discretion to choose to pay them at one and a half times their existing rate.   In summation, we agree with both the Comptroller and the State Auditor, who have respectively advised this office in response to this opinion request that "[a] person placed on an agency's payroll is a state employee and, therefore, entitled to all the benefits accruing thereto," and that "[n]one of the exceptions in the Appropriations Act apply to Commission employees."  But before turning to your seventh question, we note that this opinion request was spurred by the recent fiscal 1983 audit of the financial activities of the TEC by the State Auditor, at a conference which took place on March 29, 1984.

A.1. . . . . .

b.  Finding - None of the temporary employees of the Commission are allowed to accrue sick or annual leave.  In our opinion this policy is in conflict with the General Appropriations Act, art. V, at 34 and Attorney General Opinions M-1014 dated December 9, 1971, and H-684 dated September 8, 1975, which indicate that temporary and part-time employees are entitled to the same benefits as full-time state employees with part-time employees receiving a proportional amount.

Recommendation - Temporary employees should accrue annual and sick leave in proportion to hours worked and should be required to meet the minimum work period of six continuous months before annual leave can be taken. Balances due current temporary employees should be awarded retroactively.

> Response - The agency has requested an Attorney
> General's Opinion on this subject. TEC will
> comply with what AG recommends and we will provide
> a copy of this opinion when received.

State Auditor Management Letter to Members of TEC, June 15, 1984, p. 5. In fact, you have advised that you have always complied with section 8.f. and with the answer we have given to your second question by calculating and transferring accrued vacation and sick leave time credit when employees of the type in question have moved directly to another state agency. Compliance with our answers to questions three through six as to current employees should in principle involve only similarly straightforward calculations. However, questions three through six are also directed at reimbursement of employees who have been separated from TEC without being provided, at the time of separation or prior thereto, the benefits to which we hold they were entitled.

Thus, we now turn to question seven to consider what, if any, limitations there are on your obligation to reimburse such former employees for previously rendered services. See Attorney General Opinion M-1252 (1972). To the extent that preexisting law in the form of prior appropriation acts contained comparable benefit provisions, separated former TEC employees who were denied benefits to which we have held they are entitled have claims against the state and against specific appropriations to the TEC for such purposes. See Tex. Const. art. III, §44, and Tex. Const. art. VIII, §6. However, section (a) of article 4357, V.T.C.S., limits the payment even of "certified and audited" claims to those presented "to the Comptroller for payment within two (2) years from the close of the fiscal year for which such appropriations were made. . . ." Hence, payments to former TEC employees made out of recent appropriations to TEC for salaries and benefits in order to reimburse such employees for benefits to which we hold they were entitled in the past are limited to such benefits which accrued within fiscal years 1983 and 1984, i.e., September, 1982, through August 31, 1984. The miscellaneous claims process, provided for by article 4351b, V.T.C.S., and the appropriation to the Comptroller of special funds for the payment of small claims, is available to satisfy claims dating from anytime prior to September 1, 1982. Thus, there are no time limitations on the payment of claims for the benefits in question for hourly, temporary and part-time employees of TEC whom we have held were entitled to accrue such benefits in the past, which claims are properly established under the applicable procedure for such payments.

## S U M M A R Y

> All hourly, temporary and part-time employees
> of the Texas Employment Commission are state
> employees and entitled to accrue vacation, sick
> leave, and holiday time credit under the same

conditions as other similarly situated state employees. Such employees who transfer employment from the TEC to another state agency are entitled to transfer their accumulated vacation and sick leave time credit. Such employees are entitled at the time of separation to be paid for all vacation time duly accrued, if they have had six months continuous employment with the state. Such employees who were denied pay for work time lost due to illness must be reimbursed for the time they were sick and unable to work in an amount not to exceed their duly accrued sick leave at the time they missed work due to illness. Such employees who have been separated from the TEC must be reimbursed for days they did not work which were official state holidays occurring during their employment at TEC. Such employees who worked on official state holidays other than the "traditional national celebrated holidays" are entitled to "compensatory time off" within a reasonable period after issuance of this opinion, if they are currently on the TEC payroll; however, if they have been previously separated from TEC employment, they are entitled to "pay at a rate equivalent to one and one-half times the regular rate of pay" at the time of such labor. There is no time limitation on payments for the benefits earned in the past by the subject employees which are properly established under articles 4357 or 4351b, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin J. Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton